## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

ELIZABETH WILLIAMS WINFIELD
*as administratrix for the estate of*
Moses King,

        Plaintiff,

    v.

WESTIN HOTEL MANAGEMENT,
L.P. (DE) *doing business as* Westin
Peachtree Plaza, *et al.*,

        Defendants.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

1:17-CV-05280-ELR

## O R D E R

This matter is before the Court on Defendant Westin Hotel Management, L.P. (DE)'s (hereinafter "Defendant") Motion to Dismiss. [Doc. 4]. After careful consideration, the Court grants Defendant's Motion to Dismiss and dismisses Plaintiff Elizabeth W. Winfield's Amended Complaint.

## I.    Background

Plaintiff filed her original Complaint in Fulton County State Court on July 31, 2017. Compl. [Doc. 1 at 14-18]. She then filed the instant Amended Complaint in Fulton County State Court on August 3, 2017. Am. Compl. [Doc. 3]. On December

20, 2017, Defendant properly removed Plaintiff's action from Fulton County State Court to this Court. [Doc. 1].

In her Amended Complaint, Plaintiff states that on or about August 1, 2015, Defendant failed to properly monitor one of its patrons, Lindsay Clark, who "drove her car from the Westin Hotel under the influence of the alcoholic beverages served thereby." Am. Compl. at ¶ 7. Minutes after departing Defendant's establishment, Ms. Clark fatally wounded Moses King by hitting Mr. King with her vehicle. Id. Mr. King was not immediately killed by the collision, but "endured months of treatment fighting for his life" before succumbing to his injuries on March 14, 2016. Id. at ¶ 8. Based on this set of facts, Plaintiff contends that Defendant is liable for Mr. King's untimely death and associated damages.

Plaintiff attempts to establish Defendant's liability on two counts: (1) Plaintiff contends that Defendant is liable for ordinary negligence; and (2) Plaintiff contends that Defendant engaged in "Negligent Hiring, Training and Supervision." Id. at 3, 4. Specifically, Plaintiff asserts that Defendant had a duty to monitor Ms. Clark's alcohol consumption in an effort to prevent her from consuming excess alcohol before operating a motor vehicle. Id. at ¶ 10. Plaintiff asserts that Defendant breached that duty, which caused Mr. King's injuries and death. Id. at ¶¶ 11-14. Plaintiff further contends that Defendant was "negligent in hiring, training and

2

supervising its employees concerning the service of alcoholic beverages to hotel guests and patrons." Id. at ¶ 16.

Defendant filed a Motion to Dismiss, asserting that Plaintiff failed to state a claim upon which relief could be granted and, in the alternative, that Plaintiff's Amended Complaint is time barred under the applicable Georgia law. [Doc. 4 at 5, 9]. On January 10, 2018, Plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss. [Doc. 6]. On January 24, 2018, Defendant filed a Reply to Plaintiff's Response. [Doc. 7].

## II.   Discussion

### A.   Motion to Dismiss Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007); FED. R. CIV. P. 12(b)(6). The plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555); FED. R. CIV. P. 8(a). In ruling on a motion to dismiss, the Court must accept the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. See Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).

A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff is not required to provide "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotation and citation omitted). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Id. at 556. A complaint may survive a motion to dismiss for failure to state a claim even if it is "improbable" that a plaintiff would be able to prove those facts and even if the possibility of recovery is extremely "remote and unlikely." Id.

**B. Plaintiff's Amended Complaint Fails to State a Claim**

Defendant contends that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. The Court agrees. The Georgia General Assembly has declared:

4

A person who sells, furnishes, or serves alcoholic beverages to a person of lawful drinking age shall not thereby become liable for injury, death, or damage caused by . . . the intoxication of such person, including injury or death to other persons; provided, however, a person who willfully, knowingly, and unlawfully sells, furnishes, or serves alcoholic beverages to a person . . . *who is in a state of noticeable intoxication, knowing that such person will soon be driving a motor vehicle*, may become liable for injury or damage caused by [the intoxicated party].

O.C.G.A. § 51-1-40(b) (emphasis added). Notably, O.C.G.A. § 51-1-40, otherwise known as the "Dram Shop Act," is the only Georgia law pursuant to which an injured third party might seek to recover damages from an alcohol provider. See Kappa Sigma Int'l Fraternity v. Tootle, 473 S.E.2d 213, 216 (Ga. Ct. App. 1996) ("A provider of alcoholic beverages is insulated from liability to third parties except as provided in [the Dram Shop Act]."); see also Hulsey v. Northside Equities Inc., 548 S.E.2d 41, 45 (Ga. Ct. App. 2001) ("OCGA § 51–1–40(b) affords plaintiff her exclusive remedy against [defendant] for damages arising from [a third party's] driving while intoxicated."). Accordingly, an injured third party cannot successfully assert negligence claims against an alcohol provider for their injuries.[1] See Kappa Sigma, 473 S.E.2d at 216 ("[Plaintiff's] contentions that [his] claims are supported by a non-statutory duty on the part of the [Defendant] to operate . . . in a non-negligent manner are without merit."); see also Hulsey, 548

---

[1] Defendant also contends that Plaintiff failed to state a claim for ordinary negligence. Def.'s Mot. at 7. Georgia case law proscribes a claim of negligence against Defendant in this case. See Kappa Sigma, 473 S.E.2d at 216. Accordingly, this contention is moot.

S.E.2d at 45 (noting that a third-party Plaintiff cannot "[make] out a claim [against an alcohol provider] under common law general negligence principles" when injured by an intoxicated party).

Plaintiff does not allege a claim against Defendant pursuant to the Georgia Dram Shop Act. Plaintiff's Amended Complaint does not reference either O.C.G.A. § 51-1-40(b) or the "Georgia Dram Shop Act." See Compl. Moreover, even if the Court construed Plaintiff's Amended Complaint as asserting a claim pursuant to the Georgia Dram Shop Act, Plaintiff's Amended Complaint fails to allege sufficient facts to support such a claim. The Act prescribes that a provider of alcohol shall not be liable for injuries sustained by third parties unless the alcohol provider "willfully, knowingly, and unlawfully sells, furnishes, or serves alcoholic beverages to a person . . . *who is in a state of noticeable intoxication, knowing that such person will soon be driving a motor vehicle.*" O.C.G.A. § 51-1-40(b) (emphasis added). The Amended Complaint does not allege facts to support the conclusion that Defendant served Ms. Clark alcohol while she was in a state of noticeable intoxication. In fact, the Amended Complaint makes no reference to Ms. Clark's state when Defendant served her alcohol. Additionally, Plaintiff's Amended Complaint does not allege facts to support the conclusion that Defendant knew that Ms. Clark would soon be driving a motor vehicle when Defendant served Ms. Clark alcohol. Indeed, the Amended Complaint makes no reference to

6

what Defendant allegedly knew when it served Ms. Clark alcohol. Plaintiff fails to state a claim pursuant to the Georgia Dram Shop Act, O.C.G.A. § 51-1-40(b), and further fails to allege facts necessary to support a claim pursuant to the Georgia Dram Shop Act. Accordingly, the Court dismisses Plaintiff's Amended Complaint.[2]

## III.   Conclusion

For the reasons stated herein, the Court **GRANTS** Defendant's Motion to Dismiss [Doc. 4]; **DISMISSES** Plaintiff's Amended Complaint; and **DIRECTS** the Clerk to close this case.

**SO ORDERED**, this 23rd day of July, 2018.

Eleanor L. Ross
United States District Judge
Northern District of Georgia

---

[2] In addition to Defendant's contention regarding the insufficiency of Plaintiff's Amended Complaint, Defendant contends that Plaintiff's Amended Complaint is time barred under Georgia law. As the Court dismisses Plaintiff's Amended Complaint based on Defendant's first meritorious contention, the Court need not address this second contention.